IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10225
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

DARYL THOMPSON,

                                        Defendant-Appellant.
_____

Appeal from the United States District Court for the
Northern District of Texas
(2:94 CR 50 1)
_____
(September 7, 1995)

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        The district court gave the following reason for imposing
conditions of supervised release:  "The Court has imposed
conditions of supervised release, including not employment as a
cross country truck driver while under supervision, <u>because</u> you
have been in prison twice for offenses involving stolen vehicles in
the past."  (Emphasis applied.)  The record supports an inference

---

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

that the district court conducted the required analysis in imposing this condition on the defendant's supervised release.  The PSR states that Thompson was involved in operating trucks stolen from Cove Leasing and Coast Citrus in California.  He also had two other convictions involving stolen vehicles and one instance of making a false report concerning a stolen vehicle.  Moreover, Thompson's occupation as a cross-country truck driver is directly related to his conduct in concealing the circumstances of the theft of the furniture he was transporting in his truck in interstate commerce and in filing a false report with law enforcement officers.  See U.S.S.G. § 5F1.5(a)(1).  It was reasonable to believe that Thompson would continue to engage in similar, unlawful conduct.  Id. at (a)(2).  Further, the restriction for a period of one year is not excessive, and the restriction applies only to driving trucks cross-country.  See U.S.S.G. § 5F1.5(b).  The district court did not abuse its discretion, and its judgment is

A F F I R M E D.